# IN THE DISTRICT COURT OF THE UNITED STATES
# FOR THE WESTERN DISTRICT OF NORTH CAROLINA
# ASHEVILLE DIVISION

## CRIMINAL CASE NO. 1:11cr28

| | |
|---|---|
| UNITED STATES OF AMERICA, ) | |
| ) | |
| vs. ) | **O R D E R** |
| ) | |
| WAYNE TRUMAN HOOTS. ) | |

**THIS MATTER** is before the Court *sua sponte* to continue the case.

On April 5, 2011, the Defendant was charged in a bill of indictment with possession of a firearm after having been convicted of a felony, in violation of 18 U.S.C. § 922(g)(1). [Doc. 3]. The Defendant's initial appearance and arraignment were held on May 2, 2011, at which time the Defendant appeared with retained counsel and the Defendant's case was placed on the May 9, 2011 calendar for trial.

The Court finds that this case should be continued. "Unless the defendant consents in writing to the contrary, the trial shall not commence less than thirty days from the date on which the defendant first appears through counsel or expressly waives counsel and elects to proceed pro se." 18 U.S.C. § 3161(c)(2). The Defendant here has not so consented, and

thus, his trial may not start less than thirty days from his appearance with counsel.

The Court additionally finds that if this case remained on the May 9, 2011 trial calendar, counsel would not have an adequate opportunity to prepare for trial. The Court therefore finds that a failure to continue the case "would deny counsel for the defendant . . . the reasonable time necessary for effective preparation, taking into account the exercise of due diligence." 18 U.S.C. § 3161(h)(7)(B)(iv).

For the reasons stated herein, the ends of justice served by the granting of the continuance outweigh the best interests of the public and the Defendant in a speedy trial. See 18 U.S.C. § 3161(h)(7)(A).

Accordingly, **IT IS, THEREFORE, ORDERED** that the above-captioned case is **CONTINUED** from the May 9, 2011 term in the Asheville Division.

**IT IS SO ORDERED**.

Signed: May 2, 2011

Martin Reidinger
United States District Judge